IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LYLE B. SHELTON,                )
        Petitioner      )
        v.              )  No. 3:05-cv-186
UNITED STATES OF AMERICA,       )
        Respondent      )

**MEMORANDUM AND ORDER**

This matter is presently before the court on the government's motion to dismiss the pending petition to direct the Bureau of Prisons to properly compute jail time [Doc. 4]. For the reasons that follow, the government's motion will be granted to the extent that this matter will be transferred to the Middle District of Florida.

The record reflects that the defendant was convicted in this court of being a felon in possession of firearms and thereafter sentenced to a term of imprisonment of 77 months. On March 29, 2005, petitioner filed a motion requesting the court to direct the Bureau of Prisons (BOP) to recalculate his jail time and to

award him credit for time served [*see* Doc. 1].[1]  On January 11, 2006, the court construed the request as a motion for writ of habeas corpus pursuant to 22 U.S.C. § 2241 and ordered the government to respond [*see* Doc. 3].

In its pending motion, the government points out that the instant petition does not challenge the sentence itself; rather, it challenges the execution of this sentence.  However, the government points out, relying on *United States v. Addonizio*, 442 U.S. 178 (1979), that a sentencing court, *i.e.* this court, does not have jurisdiction to consider collateral challenges to the execution of a sentence. The government further argues that jurisdiction in a § 2241 case is only in the district having territorial jurisdiction over petitioner's custodian. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004) ("[A] petition for writ of habeas corpus is properly filed only in a court that has personal jurisdiction over the [petitioner's] immediate custodian."); *see also Charles v. Chandler*, 180 F.3d 735, 756 (6th Cir. 1999) (same).  Here, petitioner is presently incarcerated at the Coleman Federal Correctional Complex in Coleman, Florida.  Thus, the government argues that the district court in the Middle District of Florida is the only court which retains proper jurisdiction over the petitioner's custodian so that any § 2241 petition must be filed in that district.  The court agrees fully with the government's position.

---

[1] More specifically, the petitioner believes that he is being "short changed" approximately 14 months time.

Accordingly, the government's motion [Doc. 4] is hereby GRANTED only to the extent that the Clerk is DIRECTED to transfer this case, in the interest of justice, to the federal court in the Middle District of Florida. *See* 28 U.S.C. § 1404(a).

**E N T E R :**

<u>    *s/ James H. Jarvis*    </u>
UNITED STATES DISTRICT JUDGE

3